IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON MCKEE, SARAH MCKEE, | § § § | |
| *Plaintiffs,* | § § | SA-22-CV-01110-XR |
| vs. | § § § | |
| CHUBB LLOYDS INSURANCE COMPANY OF TEXAS, | § § § § | |
| *Defendant.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion to Quash and Motion for Protective Order [#15], which was referred to the undersigned for disposition on June 6, 2023. The Court held a hearing on the motion on June 23, 2023, at which counsel for Plaintiffs and Defendant appeared via videoconference. At the close of the hearing, the Court issued its oral rulings on the motion, which it now memorializes with this written Order.

This cases arises out of an insurance-coverage dispute after Plaintiffs' home sustained significant damage from Winter Storm Uri. Plaintiffs assert claims against Defendant (their insurer) for breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.

Plaintiffs' motion asks the Court to quash 13 subpoenas Defendant served on various third parties who performed work on Plaintiffs' home after the storm. Each subpoena is identical and seeks the following information:

1. Your complete file regarding, concerning or relating to Plaintiffs, the Property located at 405 Eldon Rd, Terrell Hills, TX 78209, and/or Chubb claim number 092021003455.

1

2. All documents and communications exchanged between You and Plaintiffs related to the Property located at 405 Eldon Rd, Terrell Hills, TX 78209.
3. All photos or videos in your possession of the Property located at 405 Eldon Rd, Terrell Hills, TX 78209.
4. All estimates, bids, and/or invoices related to the repairs at the Property located at 405 Eldon Rd, Terrell Hills, TX 78209.
5. All contracts or agreements related to any work at the Property located at 405 Eldon Rd, Terrell Hills, TX 78209.
6. All documents in your possession related to the Property located at 405 Eldon Rd, Terrell Hills, TX 78209, Chubb claim number 09021003455, and the Lawsuit (Civil Action No. 5:22-CV-1110), including, but not limited to contracts, estimates, reports, and correspondence.
7. All communications and documents exchanged between You and any contractor, public adjuster, independent adjuster, or insurance adjuster related to the Property located at 405 Eldon Rd, Terrell Hills, TX 78209 and/or Chubb claim number 092021003455.

Plaintiffs claim they have already provided Defendant this information with their Initial Disclosures. Plaintiffs also object to the subpoenas as overbroad and as seeking information that is not proportional to the claims at issue in this case and could involve documents pertaining to a separate wind and hail claim handled by a separate law firm that are subject to confidentiality orders. Defendant responds that Plaintiffs lack standing to move to quash the third-party subpoenas and, regardless, Plaintiffs have not provided all the relevant documents Defendant is seeking.

After Plaintiffs filed their motion, the parties were able to resolve their dispute regarding the majority of the subpoenas. The only subpoenas remaining in dispute are the subpoenas issued to the following six entities: Dumpster Rental Pros, LLC; Iesos, L.L.C.; Blackstone Claims Services, LLC; NTW Rebuilders & Service; Lamb EJB Construction & Electric, Inc.; and Pynko Art. The Court will grant Plaintiffs' motion in part as to these six entities, requiring Defendant to modify the subpoenas to ensure they are only seeking information discoverable under Rule 26(b). As to King Adjusting Services, LLC, Nalu Technology Solutions LLC, 3IT Consulting LLC, BTL Industries, Inc., 1st Call Plumbing, Heating & Air, Ltd., and Texas Chiller

Systems, LLC, the Court will dismiss the motion as moot. The Court already ordered the withdrawal of the subpoena as to Selene Finance, LP [#22].

A court has authority to quash or modify a subpoena. Fed. R. Civ. P. 45(d)(3). Similarly, where appropriate, a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (C). To have standing to challenge a third-party subpoena, the party must either have "possession of the materials subpoenaed" or a "personal right or privilege with respect to the materials subpoenaed." *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 784–85 (S.D. Tex. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). Plaintiffs, who lack standing to assert certain objections to the subpoenas that can only be asserted by the third parties themselves (*e.g.*, undue burden on the third party), may always move to quash or modify the subpoenas based on the limits imposed by Rule 26(b).

At the hearing, Plaintiffs were able to identify the primary issue they have with the subpoenas—the lack of a limitation in requests two through five to ensure that the documents subpoenaed do not include information pertaining to the separate wind and hail claim. Requests one, six, and seven limit documents sought to Chubb claim number 09021003455, the claim underlying this case, which relates to their pipes bursting. The Court will therefore modify requests two through five to include this same limitation. This will ensure that Defendants are only seeking information pertaining to this lawsuit and do not run afoul of any confidentiality orders pertaining to the prior insurance claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash and Motion for Protective Order [#15] is **GRANTED IN PART** as follows. Requests two through five in the subpoenas to the six remaining entities (Dumpster Rental Pros, LLC; Iesos, L.L.C.; Blackstone Claims Services, LLC; NTW Rebuilders & Service; Lamb EJB Construction & Electric, Inc.; and Pynko Art) shall be modified to include a limitation of all documents to those pertaining to Chubb claim number 09021003455.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash and Motion for Protective Order [#15] is **DISMISSED AS MOOT** with respect to King Adjusting Services, LLC, Nalu Technology Solutions LLC, 3IT Consulting LLC, BTL Industries, Inc., 1st Call Plumbing, Heating & Air, Ltd., and Texas Chiller Systems, LLC, as the parties have resolved their dispute as to these subpoenas.

**IT IS FINALLY ORDERED** that in all other respects the motion is **DENIED**.

SIGNED this 28th day of June, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE