IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AARON MCKEE, SARAH MCKEE, | § | |
| | § | |
| *Plaintiffs,* | § | SA-22-CV-01110-XR |
| | § | |
| vs. | § | |
| | § | |
| CHUBB LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS, | § | |
| | § | |
| *Defendant.* | § | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action is Defendant Chubb Lloyds Insurance Company of Texas's Motion to Compel Further Response and Production from Plaintiffs Relating to Defendant's Third Set of Requests for Production and Interrogatories [#41]. By its motion, Defendant asks the Court to compel Plaintiffs to file supplemental responses to discovery.  The Court held a hearing on the motion on February 20, 2024, at which counsel for both parties appeared via videoconference.  For the reasons that follow, the Court will grant the motion in part as set forth herein.

This insurance dispute arises out of damage to Plaintiffs' 16,000 square foot home during Winter Storm Uri in February of 2021.  Plaintiffs allege that their home sustained over $7 million in damage, and Defendant—their insurer—has refused to compensate them for more than $1.2 million.  Defendant approved only limited repairs to the home, but Plaintiffs proceeded with much more extensive demolition.  The discovery at issue in this motion pertains to two requests for production and two interrogatories, which concern two topics: (1) a federal tax deduction that Plaintiffs allegedly took under the National Disaster Relief Act related to the damage and (2)

1

information regarding the reasons Plaintiffs' mortgage holder, Selene Finance, withheld Defendant's claim payment from Plaintiffs for a period of approximately 20 months. The Court addresses each issue in turn.

**Tax Exemption.** Request for Production 1 requests Plaintiffs' tax returns, schedules, tax forms and other tax filings reflecting the amounts claimed as disaster-related casualty loss exemptions or credits related to the Claimed Loss on their federal tax returns from February 2021 through the present. Interrogatory 1 asks Plaintiffs to state the total amount of disaster-related casualty loss exemptions or credits (related to the claim at issue) claimed on their federal tax returns at any time from February 2021 through the present. Plaintiffs objected to the request as vague, overly broad, unduly burdensome, and irrelevant to any issues in the case. Plaintiffs also asserted in their objections that their tax information is protected and confidential.

At the hearing, Defendant clarified that it is not seeking Plaintiffs' full tax returns from 2021 to the present but rather the redacted returns in order to see the amounts claimed under the exemption. Additionally, Plaintiffs asserted for the first time at the hearing that they have not yet claimed any exemption related to the insurance claim underlying this suit, but they might intend to claim the exemption in the future. Plaintiffs continue to object to providing any information regarding the specific amount of any past or future claimed exemption on the basis that it is not relevant to the claims and defenses in this case.

First, the Court rejects Plaintiffs' relevancy argument. A party may obtain discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (internal quotation and

citation omitted).  Discovery should be permitted unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of a party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

By this lawsuit, Plaintiffs are seeking to recover the sizable difference between the amount approved by Defendant to compensate Plaintiffs for the damage to their home and the amount Plaintiffs have spent or intend to spend on much more extensive repairs.  At the hearing, Defendant explained that the amount of a claimed tax exemption is relevant to Plaintiffs' claims because it could provide a possible explanation—a tax benefit—for Plaintiffs' decision to demolish and reconstruct a significant portion of their home without first verifying the precise nature of the damage through more extensive evaluation and testing.  According to Defendant, pursuant to the language of the tax exemption, the greater the amount of disaster-related damage which Plaintiffs were unable to recover from their insurer, the greater the amount they could potentially deduct from their taxes.  The Court agrees with Defendant that the tax exemption could bear on the issues in this case, even if any exemption claimed would not necessarily be admissible at trial.

Second, Defendant's request for information pertaining to a tax exemption is not seeking privileged information, such that Defendant is categorically prohibited from seeking this information.  *See F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).  However, the Fifth Circuit does recognize that tax returns are "highly sensitive documents" and advises that courts should be "reluctant to order their routine disclosure as a part of discovery."  *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).  Again, Defendant clarified that it is only seeking discrete information pertaining to an exemption, not Plaintiffs' entire tax returns or schedules.

The Court will therefore order Plaintiffs to confirm whether they have claimed an exemption on past tax returns from 2021 to the present.  If they have not, Plaintiffs should amend their responses to Request for Production and Interrogatory 1 to say "none."  If Plaintiffs have claimed any exemption, they should answer the interrogatory regarding the same.  The limited, redacted documents reflecting the exemption can be produced according to the Court's standard confidentiality and protective order to protect any sensitive information.  Whether Defendant may pursue any line of questioning at trial as to whether Plaintiffs intend to claim the exemption in the future is best addressed through a motion in limine directed at the District Court.

**Selene Finance.**  Request for Production 2 requests emails, letters, and other correspondence between Plaintiffs and their attorneys and their mortgage holder, Selene Finance, reflecting the reasons why Selene Finance withheld Defendant's payment for the claim at issue. Interrogatory 2 asks Plaintiffs to state the reason why Selene Finance withheld Defendant's payment.  Plaintiffs objected to these discovery requests based on the attorney-client or work-product privileges and relevancy grounds.  However, the predominant objection argued at the Court's hearing was that any information regarding Selene Finance's conduct in withholding the payment is prohibited from disclosure subject to a settlement agreement and confidentiality provision resulting from the settlement of a separate lawsuit between Plaintiffs, Selene Finance, and other entities.

Plaintiffs conceded at the hearing that the information sought is relevant.  Through Plaintiff Aaron McKee's recent deposition testimony, Defendant discovered that Selene Finance withheld Defendant's approximately $725,000 claim payment to Plaintiffs for roughly twenty months.  During the time period in which the payment was withheld, Plaintiffs claimed they did not have enough money to complete necessary repairs to their home in a reasonable period of

4

time, which caused Plaintiffs to incur additional living expenses in the form of rental expenditures for an alternative residence during the repairs to their home.  Information regarding the delay in payment to Plaintiffs is therefore relevant to their damages model, particularly their claim for additional living expenses.

At the Court's hearing, the parties also agreed to the entry of the Court's standard confidentiality and protective order to allow the parties to exchange otherwise confidential information as "attorney's eyes only."  The Court has already entered the agreed protective order [#57].  Accordingly, the Court will order Plaintiffs to respond to Request for Production and Interrogatory 2 pursuant to the protective order.  This ruling is in no way a determination on whether information regarding the withholding of the insurance payment by Selene Finance is admissible at trial.

**IT IS THEREFORE ORDERED** that Defendant Chubb Lloyds Insurance Company of Texas's Motion to Compel Further Response and Production from Plaintiffs Relating to Defendant's Third Set of Requests for Production and Interrogatories [#41] is **GRANTED IN PART** as set forth herein.   Plaintiffs must serve the responses as directed in this Order on or before **March 18, 2024**.

SIGNED this 27th day of February, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE