IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AARON MCKEE, SARAH MCKEE,<br>*Plaintiffs*<br><br>-vs-<br><br>CHUBB LLOYDS INSURANCE<br>COMPANY OF TEXAS,<br>*Defendant* | §<br>§<br>§  SA-22-CV-01110-XR<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ON REPORT AND RECOMMENDATION**

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed on March 15, 2024 (ECF No. 62). The Court also considered Plaintiffs' objections to the Magistrate Judge's Order on expert witness testimony filed on March 11, 2024 (ECF No. 61).

On December 12, 2023, Defendant Chubb Lloyds Insurance Company of Texas filed a motion to exclude expert testimony of Nicolette Alyfantis, Gary Pennington, Gregory Hayden, and Josh Vest. ECF No. 33. On January 26, 2024, Plaintiffs Aaron McKee and Sarah McKee filed a motion to exclude expert testimony of Mark Barsalou. ECF No. 45. On February 9, 2024, the Court referred the instant action to Magistrate Judge Chestney for disposition of pre-trial matters. ECF No. 51. Accordingly, on March 11, 2024, the Magistrate Judge issued an Order granting Defendant's motion to exclude expert testimony (ECF No. 33), and denying Plaintiffs' motion to exclude expert testimony (ECF No. 45). *See* ECF No. 61

Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiffs filed objections to the Magistrate Judge's Order with respect to her ruling that Nicolette Alyfantis and Gary Pennington were not qualified to testify as experts, and her denial of Plaintiffs' motion to exclude expert testimony. ECF No. 61.

1

On March 15, 2024, the Magistrate Judge also issued a Report and Recommendation (ECF No. 62) recommending that the Court deny Defendant's motion for partial summary judgment dated December 12, 2023 (ECF No. 35). Defendant filed objections to the Report and Recommendation on April 1, 2024. ECF No. 62.

The Court will first consider Plaintiffs' objections to the Magistrate Judge's Order on expert testimony (ECF No. 61) before turning to her Report and Recommendation on Defendant's motion for partial summary judgment (ECF No. 62).

## BACKGROUND

This case arises out of Winter Storm Uri, a severe winter storm causing widespread damage across Texas in February 2021. *See* ECF No. 1. Plaintiffs Aaron McKee and Sarah McKee ("Plaintiffs") own a home located at 405 Eldon Road, Terrell Hills, Texas, 78209 ("the Property"), which was insured under a homeowners' policy issued by Defendant Chubb Lloyds Insurance Company of Texas. *Id.* at 1. Plaintiffs filed suit in Bexar County, Texas, on September 1, 2022, alleging that Winter Storm Uri resulted in substantial interior water damage to their home due to freezing temperatures, power outages, and bursting frozen water pipes. ECF No. 1-4 at 3. According to Plaintiffs, they reported their loss to Defendant and its agents, but Defendant mishandled the claim and undervalued the estimated replacement cost value to repair the damage at approximately $1.2 million. *Id.* at 6. Plaintiffs claim that the proper cost to restore their home to its pre-loss condition is approximately $7.1 million, which includes the cost of total replacement of the Property's electrical and plumbing systems. *Id.* at 17.

Plaintiffs plead causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and bad faith. *Id.* at 11–15.

## DISCUSSION

**A. Plaintiffs' Objections to Order on Expert Testimony (ECF No. 61)**

On March 11, 2024, the Magistrate Judge granted Defendant's motion to exclude expert testimony (ECF No. 33), and denied Plaintiffs' motion to exclude expert testimony (ECF No. 45). On March 25, 2024, Plaintiffs filed objections to this Order, asserting that the Magistrate Judge erred in excluding the expert testimony of Nicolette Alyfantis and Gary Pennington, and in allowing the testimony of Defendant's expert, Mark Barsalou. ECF No. 67.

For non-dispositive motions, Rule 72(a) mandates that the district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). This "highly deferential standard" requires the Court to affirm the decision of the Magistrate Judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Baylor Health Care Sys. v. Equitable Plan Servs.*, 955 F. Supp. 2d 678, 690 (N.D. Tex. 2013). The Court is not left with such a conviction here.

First, the Magistrate Judge determined that Plaintiffs' general contractor, Nicolette Alyfantis, is not qualified to opine that the entire plumbing and electrical systems required replacement because she is not an electrician or a plumber, and Plaintiffs failed to identify any specific training rendering Alyfantis qualified to testify on the subject. ECF No. 61 at 8, 10. The Magistrate Judge also concluded that Plaintiffs failed to demonstrate that Alyfantis performed an independent investigation based on reliable methods. *Id.* at 9. The Magistrate Judge consequently ordered that Alyfantis's testimony be limited to "fact testimony regarding her personal experience as Plaintiffs' general contractor, which may include soliciting bids for plumbing and electrical

3

repairs. Alyfantis is not permitted, however, to testify as an expert as to the reasonable and necessary scope and cost of repairs to the home's plumbing and electrical systems." *Id.* at 10.

Likewise, the Magistrate Judge ruled that Plaintiffs failed to satisfy their burden to establish that public adjuster Gary Pennington's opinions on the electrical and plumbing systems were reliable. *Id.* at 13. Accordingly, the Magistrate Judge limited Pennington's testimony at trial to "fact testimony related to his role as public adjuster. He may not testify as an expert as to the reasonable and necessary scope of repairs to the plumbing and electrical systems." *Id.* at 13–14.

Finally, the Magistrate Judge denied Plaintiffs' request to exclude the testimony of Defendant's plumbing expert, Mark Barsalou, finding Barsalou was qualified to testify as to his plumbing company's work on the plumbing system in Plaintiffs' home by his experience in the industry and the reliability of his company's records. *Id.* at 17.

Plaintiffs object to the Magistrate Judge's conclusions regarding the lack of qualifications and reliability of Alyfantis and Pennington, while also arguing that the Magistrate Judge "overinflated [Defendants' expert] qualifications." ECF No. 67 at 10. However, Plaintiffs do not identify any legal errors in the Magistrate Judge's Order. They instead insist that the Magistrate Judge failed to properly value the qualifications and work performed by Alyfantis and Pennington at the Property. But, under a Rule 72(a) analysis, the "great deference owed to the [magistrate] judge's findings compels the conclusion that [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Laborfest LLC v. City of San Antonio*, No. SA-19-CV-00060-JKP, 2021 WL 2593632, at *1 (W.D. Tex. June 24, 2021) (quoting *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015).

Next, Plaintiffs object that the Magistrate Judge's Order is internally inconsistent because it forbids Alyfantis and Pennington from serving as expert witnesses to summarize the work performed by others at the Property, but permits Barsalou to summarize the work performed by plumbers working for his company. ECF No. 67 at 10. Not so. The Magistrate Judge properly explained that Barsalou, undisputably a master plumber, would be permitted to provide such testimony "based on his expertise in the industry and his role in the company," while finding that Alyfantis and Pennington lacked such qualifications. ECF No. 61 at 16.

The Court has reviewed the Order and finds the Magistrate Judge's determinations to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Therefore, the Court **OVERRULES** all objections asserted by Plaintiffs and **AFFIRMS** the Magistrate Judge's Order (ECF No. 67).

### B. Plaintiffs' Request to Designate Additional Experts

In the event that the Court overruled their objections, Plaintiffs requested leave to designate "the other plumbing and electrical experts who performed evaluations and work at the Property." ECF No. 67 at 10–11. Defendant objects to this relief.

The Fifth Circuit has instructed district courts to "consider four factors in determining whether the testimony of a late-designated expert witness should be permitted: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness." *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (citation omitted).

Plaintiffs' briefing fails to address any of these factors. Despite this deficiency, the Court recognizes the importance of allowing expert testimony regarding the need to replace the

Property's entire electrical and plumbing system. As the Magistrate Judge acknowledged, the claimed plumbing and electrical repairs each approximate $1.5 million, thereby constituting a substantial portion of Plaintiffs' claimed $7 million in necessary repairs. ECF No. 61 at 6. The Court concludes that the importance of the proposed expert testimony is a factor that supports permitting tardy designation of experts. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) (construing the importance of the expert testimony to the movant's case to be a factor in favor of permitting untimely designation).

However, the remaining three factors all counsel against permitting such late designation. Regarding the second factor, Defendant asserts that granting Plaintiffs' request would unnecessarily delay proceedings and prejudice Defendant by increasing its exposure for potential penalty interest under Texas Insurance Code chapter 542. The Court finds these arguments persuasive. The deadline for parties to designate testifying experts passed well over a year ago on March 23, 2023. *See* ECF No. 13. As Defendant argues, allowing such a late designation would require additional written discovery and depositions, which would likely delay the jury trial scheduled to begin on October 7, 2024. ECF No. 70 at 6; ECF No. 72.

With respect to the third factor, the prejudice experienced by Defendant also cannot be cured by a further delay because a continuance becomes prejudicial if "such a remedy would have entailed additional expense to the [defendant] and further delayed its day in court." *1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1288 (5th Cir. 1991); *see also Rimkus Consulting Group, Inc. v. Cammarata*, No. H–07–0405, 2009 WL 1269710, at *6 (S.D. Tex. May 7, 2009) ("Given the already prolonged nature of the case and the additional expense and delay that would be caused by allowing expert witnesses at this late date, a continuance is not appropriate to allow [plaintiff] to designate so late.").

Finally, with respect to the fourth factor, Plaintiffs offer no explanation as to why they did not designate other competent experts to testify before the discovery deadline. Specifically, Plaintiffs seek leave to designate "the other plumbing and electrical experts who performed evaluations and work at the Property." ECF No. 61. Defendant suggests that no such experts exist, detailing how it has unsuccessfully attempted to discover any other subcontractors who could reliably testify on these issues. ECF No. 70 at 5–6. Regardless, Plaintiffs' failure to offer any explanation for not designating these proposed expert witnesses by the appropriate discovery deadline counsels against permitting Plaintiffs to now designate additional unidentified experts. *See Thomas v. Hunt Cnty.*, No. 3:10-cv-2401-M, 2011 WL 2412957, at *2 (N.D. Tex. June 15, 2011) (finding that this factor "clearly weigh[ed] in favor of excluding" the expert because the party "provided no explanation for her failure to file the report by the deadline").

Even assuming the proposed expert testimony was important to Plaintiffs, which the Court determined from the record despite Plaintiffs' lack of argument on this point, this factor alone cannot "singularly override the enforcement of local rules and scheduling orders." *See Betzel*, 480 F.3d at 707-08. Accordingly, the Court **DENIES** Plaintiffs leave to designate additional expert witnesses regarding plumbing and electrical repairs.

**C. Report and Recommendation (ECF No. 62) on Defendants' Motion for Summary Judgment (ECF No. 35)**

On March 15, 2024, the Magistrate Judge issued a Report and Recommendation (ECF No. 62) recommending that the Court deny Defendant's motion for partial summary judgment (ECF No. 35). On April 1, 2024, Defendant filed objections to this Report and Recommendation. ECF No. 68.

Courts must review de novo any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo

7

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also Wilson*, 864 F.2d at 1221 (5th Cir. 1989).

Here, Defendant asserts that because the Magistrate Judge determined that neither Alyfantis nor Pennington can provide reliable expert testimony on the cause or extent of damage to the electrical and plumbing systems, there is no longer any evidence in the record to create a fact issue on the need for full replacement of these systems. ECF No. 68 at 2. First, the Court notes that Defendant is merely reiterating an argument that it first raised in its motion for partial summary judgment and that the Magistrate Judge rejected. Specifically, the Magistrate Judge explained that Defendant provided the Court with no case law supporting the proposition that expert testimony is required to prove the extent of plumbing and electrical damage attributable to the storm, and, in its absence, a summary judgment finding is necessary. ECF No. 62 at 13–14. Such "objections that simply rehash or mirror the underlying claims addressed in the report are not sufficient to entitle the party to de novo review." *Chapa v. Comm'r SSA*, No. 4:20-CV-901-SDJ, 2022 WL 12365833, at *1 (E.D. Tex. Oct. 21, 2022).

To the extent that Defendant is not simply repeating its earlier legal argument and instead objecting that the Magistrate Judge cited to no evidence in the record sufficient to establish a factual dispute, the Court rejects Defendant's argument. The Report and Recommendation identifies specific deposition testimony from both Alyfantis and Pennington regarding plumbing and electrical damage to the Property that they personally observed. ECF No. 62 at 14.

Further, as the Magistrate Judge explained, "Alyfantis and Pennington can provide fact testimony on their personal involvement with Plaintiffs' insurance claim as their general contractor

and public adjuster." ECF No. 62 at 13–14. In addition to both witnesses being able to testify to the damage that they personally observed conducting and overseeing repair work, Alyfantis may also "testify regarding her interactions with plumbers and electricians performing repairs (subject to objections based on hearsay and other evidentiary rules) and her solicitation of the specific bids in the record for total replacement of the plumbing and electrical systems." *Id.* at 14. The Magistrate Judge explained that, while "evidence from expert electricians and plumbers on the extent of damage to the plumbing and electrical systems would certainly strengthen Plaintiffs' damages model," a jury could find still these witness's fact testimony credible "due to their extensive experience with Plaintiffs' home and claim over the course of many months." *Id.* at 13-14.

Accordingly, the Report and Recommendation correctly concluded that a fact issue remains for jury adjudication on the extent of plumbing and electrical damage attributable to the storm.

Defendant acknowledges that its objections to the Report and Recommendation were limited to this discrete argument. *See* ECF No. 68. Thus, the Court will review the remainder of the recommendation for clear error. Upon review, the Court finds the Magistrate Judge's recommendation to be neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** all of Plaintiffs' objections and **AFFIRMS** the Magistrate Judge's Order regarding expert testimony (ECF No. 61); **DENIES** Plaintiffs' request to untimely designate additional unidentified expert witnesses; and **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 62).

It is so **ORDERED**.

**SIGNED** this 28th day of May, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE